THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. NOYES, a married man,

    Plaintiff,

v.

STATE FARM GENERAL INSURANCE COMPANY; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, STATE FARM LIFE INSURANCE COMPANY, STATE FARM FIRE AND CASUALTY COMPANY; DOE COMPANIES 1-5,

    Defendants.

No.: C08-05032 RBL

STIPULATION AND PROTECTIVE ORDER RE DOCUMENTS

## I. INTRODUCTION

Plaintiff has requested, and in the future may request, documents and information relating to Defendants' internal operations, policy holders, agents, and employees. That information and those documents contain confidential and/or proprietary information as well as the private and personal information of non-parties. Further, Defendants may in the future request information from Plaintiff that Plaintiff may contend is confidential, proprietary, or

sensitive.  The purpose of this Protective Order includes the protection of the confidentiality of such information and documents, while ensuring the parties can obtain and pursue discovery with minimal delay and expense.

## II. **STIPULATION**

This Stipulation is entered into by Plaintiff James A. Noyes and Defendants State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, and State Farm Fire and Casualty Company, by and through their attorneys of record, for the purpose of efficient and reasonable discovery in this matter.  The undersigned attorneys are also parties to this Stipulation.

Because the purpose of this Protective Order is to preserve confidentiality and to facilitate the proper handling of proprietary, sensitive, or private information, the parties agree they are bound by this Protective Order, which constitutes a fully enforceable Confidentiality Agreement from and after the date their counsel have signed it, even though the court has not yet entered it.  If the Court for any reason modifies or declines to enter this agreement, the parties are nevertheless bound by their promises with regard to this Protective Order, including making best efforts to file confidential documents only under seal in accordance with the Civil Rules and applicable Local Rules.

## III. **PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

The parties hereby stipulate:

1. "Confidential Information" is defined as all information and documents which any party to this agreement considers contains confidential, proprietary or private personal information.  It shall include those documents later identified by the producing party as confidential even if produced prior to the execution of this stipulation and order.

All such documents and information therein shall not be disclosed to others except as permitted under this Stipulation, and are limited to use or disclosure only for the sole purpose

STIPULATION AND PROTECTIVE ORDER RE DOCUMENTS          Page 2          Bullivant|Houser|Bailey PC

1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

of this lawsuit. All documents produced, used or referenced by counsel by this Stipulation shall be marked "**Confidential** Subject to Protective Order" or as provided in Section 8 following.

2. The term "Party" shall include James A. Noyes, State Farm General Insurance Company, State Farm Mutual Automobile Insurance Company, State Farm Life Insurance Company, and State Farm Fire and Casualty Company.

3. The term "Counsel" shall be restricted to those attorneys, secretaries and paralegals or other personnel of the undersigned attorneys who need the Confidential Information in order to work on behalf of a party to this Stipulation.

4. Information identified by a party as Confidential Information may not be used by the parties receiving the designated Confidential Information in any other investigation and/or action other than the present lawsuit and shall not be disclosed by counsel to any person **other than**:

    a. Counsel to the parties to this Stipulation;

    b. Experts and consultants necessary to assist such counsel in prosecuting, defending or settling the claims asserted by the parties who have signed an Acknowledgment in the form attached as **Exhibit A**;

    c. Any party to this lawsuit or employee, officer, or director of such party, including but not limited to, investigators, insurers or reinsurers, who has signed an Acknowledgment in the form attached as **Exhibit A**, to the extent deemed necessary by counsel for the prosecution, defense or settlement of the claims asserted by the parties;

    d. Any deponent, prospective witness, or trial witness who has signed an Acknowledgment in the form attached as **Exhibit A**;

    e. Judge, court personnel, court reporters, and similar personnel;

    f. Any person who was involved in the preparation of the document or who received or reviewed it prior to the litigation; and

g. Any other person who is authorized in writing by both parties and who signs an Acknowledgment in the form attached as **Exhibit A**.

5. Counsel for the parties shall fully apprise and advise their experts, parties and employees of parties of all conditions and terms of this Stipulation. Copies of this Stipulation shall be provided to all experts, parties and employees of parties along with the admonition that said experts, parties and employees of parties are fully bound by this Order. No party or counsel may disclose Confidential Information or discovery responses to any of the persons identified in paragraphs 4.b. through 4.d. above without first obtaining the agreement of such consultant or expert witness to (a) keep such Confidential Information and discovery responses and the information contained therein confidential; (b) refrain from disclosing the same to any other third person; (c) use such confidential material only for purposes of assisting counsel in the preparation and trial of this case or forming an opinion in these proceedings; and (d) return all Confidential Information at the conclusion of their services to the party or counsel who provided that information, and to destroy or return all extracts or summaries of Confidential Information in their possession.

6. None of the confidentiality restrictions herein shall apply to information that (i) exists in the public records, (ii) becomes available to the parties or their representatives on a non-confidential basis from a source which is legally permitted to divulge or disclose such information.

7. Counsel may hire outside photocopying services to copy material containing Confidential Information as necessary without prior knowledge or consent of the other party.

8. Documents containing Confidential Information filed in support of or in response to any motion or used at any deposition shall be clearly marked "Confidential, Filed Under Seal" including copies provided to the Court which shall be filed concurrently in a sealed envelope labeled "Filed Under Seal," with a motion seeking to have documents filed under seal. If factual summaries of confidential information or documents are to be utilized

Bullivant|Houser|Bailey PC

1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

in the text of any pleading or motions, said pleading shall be labeled "Confidential, Filed Under Seal," and a motion shall be filed seeking to have the documents filed under seal. The parties, by agreement, may allow introduction of confidential documents or factual summaries from which confidential information has been redacted into the Court record without filing it under seal. E-mail approval of counsel shall be sufficient confirmation of assent.

9. Any party wishing to designate deposition testimony or deposition exhibits as Confidential Information may do so on the record during the deposition, or within twenty-one (21) days after receipt of the draft deposition transcript and exhibits. The designating party shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as Confidential Information are appropriately bound by the reporter. Deposition testimony, exhibits, and draft deposition transcripts shall be treated as Confidential Information pursuant to this protective order during the twenty-one (21) days allowed for review under this paragraph.

10. This Stipulation shall be without prejudice to the right of any party to apply to the Court to,

a. seek a modification of the Stipulated Protective Order or seek a further protective order;

b. challenge at any time whether any particular information or document is or is not confidential;

c. seek disclosure of any "Confidential Information" beyond the terms of the Stipulated Protective Order; and

d. seek other relief from any other obligation hereunder by showing the Court appropriate grounds therefore.

11. This Agreement may be amended by leave of the Court or by written stipulation of counsel, whether or not filed with the Court.

12. At the conclusion of this case, all appeals, or other termination of proceedings, all documents containing Confidential Information produced under the provisions of this order (and all copies) shall be returned to counsel for the producing party, and all extracts and summaries thereof shall be returned and/or destroyed. This Stipulation, insofar as it restricts the communication and use of the documents produced hereunder or information obtained from such documents, shall continue to be binding after the conclusion of the action.

DATED this 6th day of January, 2009.

BULLIVANT HOUSER BAILEY, P.C.   MANN JOHNSON WOOSTER & McLAUGHLIN, P.S.

By: /s/ _____
Pamela Salgado, WSBA #22471
Gail R. Manuguid, WSBA #37916
Attorneys for Defendants State Farm

By: /s/ _____,
Richard H. Wooster, WSBA #13752
Attorneys for Plaintiff James A. Noyes

### IV. ORDER

IT IS SO ORDERED.

DATED January 6, 2009.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

Presented By:

BULLIVANT HOUSER BAILEY, PC


By /s/ _____
Pamela Salgado, WSBA #22471
Gail R. Manuguid, WSBA #37916
Attorneys for Defendants State Farm

Approved as to Form/Notice of Presentation Waived:

MANN JOHNSON WOOSTER & McLAUGHLIN, P.S.


By /s/_____
Richard H. Wooster, WSBA #13752
Attorneys for Plaintiff James. A. Noyes

10812990.1

**Bullivant|Houser|Bailey PC**

1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ (print or type name), in connection with *Noyes v. State Farm et al.*, Cause No. C08-05032 RBL in the United States District Court Western District of Washington at Tacoma, hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, which is attached hereto as Exhibit 1, has read it, understands it, and agreed to be bound by all of its provisions. The undersigned further agrees and consents to personal jurisdiction before the United States District Court Western District of Washington at Tacoma for purposes of interpreting and enforcing the Confidentiality Agreement dated _____.

_____(signature)